## A. E. Browne et al. v. Nels O. Cassem et al.

1. FORMER DECISIONS—*Approved and Followed.*—The questions aris-ing in this case are the same as those involved in the case of Cassem v. Browne, page 346, this volume, and are decided in the same way, refer-ence being made to the opinion in that case for the reasons of the court.

Assignment Proceedings.—Appeal from the County Court of Ken-dall County; the Hon. HENRY S. HUDSON, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed Feb-ruary 28, 1898.

A. J. HOPKINS, F. H. THATCHER and F. A. DOLPH, attor-neys for appellants.

CHARLES WHEATON, attorney for appellees.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.
This appeal grew out of the proceedings in the County Court in the matter of the assignment of Newman I. Wat-ters for the benefit of creditors. The deed of assignment bears date June 3, 1897. On June 2, 1897, the appellee Cassem, obtained by confession upon notes and warrants of attorney two judgments entered in vacation of the Circuit Court against Newman I. Watters and L. M. Watters, one for $560.95, and the other for $210.92, upon which, on the same day, executions were issued and placed in the hands of the sheriff, who levied them upon the personal property of the insolvent, and took and retained the possession thereof before the assignee had qualified. Afterward the assignee petitioned the County Court for an order directing the sheriff to surrender to him the possession of the personal property so levied upon, for the purpose of enabling the assignee to sell the same, and make such distribution of the proceeds as the County Court might direct, among the cred-itors of the insolvent. The County Court June 19, 1897, granted the prayer of the petition, directed a sale by the assignee of the property, and adjudged to appellee Cassem

a first lien upon the property, and ordered that his judgment, so obtained, be first paid by the assignee from the proceeds of such sale. On July 3, 1897, appellant Brown, as one of the creditors of Newman I. Watters, moved the County Court to set aside and vacate that portion of the order above mentioned by which Cassem was given a first lien, and his judgments ordered to be first paid out of the proceeds of such sale. The court denied the motion, and in the particular mentioned, confirmed the former order of the court, from which appellant prosecutes this appeal, and assigns for error the refusal of the County Court to declare the Cassem judgments void, and the refusal of the court to hold as law in the decision of the case certain propositions submitted to it, and in holding others.

The facts, points and arguments in respect to the attack upon the validity of the Cassem judgments, are identical in every important aspect with those involved in Cassem v. Brown, page 346 this volume. The questions arising for decision in this case are necessarily the same questions we have disposed of in the former case, and are here decided in the same way, and without repetition we refer to the opinion in that case for the reasons of the court.

The propositions of law refused and held by the court, of which complaint is made, conform to our views of the law, and in such action there is no error.

The order of the County Court will be affirmed.